**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:23-CV-00404-CHL**

**DIANE B.,[1]**  **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,[2]**  **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Complaint filed by Plaintiff, Diane B. ("Claimant"). Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Claimant and the Commissioner each filed a Fact and Law Summary and/or supporting brief. (DNs 17, 18, 19.) Claimant did not file a reply, and her time to do so has expired. (DN 15.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 14.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

**I.   BACKGROUND**

On or about December 3, 2019, Claimant filed an application for disability insurance benefits ("DIB") alleging disability beginning on January 1, 2017.[3] (R. at 29, 70-71, 82, 84, 103, 22-26.) On November 9, 2021, Administrative Law Judge ("ALJ") Michael E. Finnie ("the ALJ")

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

[2] As Martin O'Malley is now the Commissioner of Social Security in place of Kilolo Kijakazi, he is automatically substituted as the Defendant in this matter pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to change the case caption to reflect the substitution.

[3] Though the ALJ consistently referenced a January 1, 2017, alleged onset date, several other places in the record note a June 1, 2017, alleged onset date. (*Compare* R. at 29, 48, *with id.* at 71, 84, 222, 225.) Because the ALJ used the earlier of the two possible dates and because the onset date is not material to the arguments raised by Claimant, the conflict is not pertinent to the Court's analysis.

conducted a hearing on Claimant's application. (*Id.* at 45-69.) In a decision dated December 15, 2021, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id.* at 26-44.) In doing so, the ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2021. (*Id.* at 32.)

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2017, through her date last insured of September 30, 2021. (*Id.*)

3. Through the date last insured, the claimant had the following severe impairments: coronary artery disease, status post angioplasty; hepatic steatosis of the liver; pancreatic tumor, post pancreatectomy and splenectomy; and osteoarthritis. (*Id.*)

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 34.)

5. [T]hrough the date last insured, the claimant had the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) in that she could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours of an eight-hour workday; sit for six hours of an eight-hour workday; perform no climbing of ladders, ropes, or scaffolds; frequently handle, finger, and feel with her bilateral upper extremities; and had to avoid all exposure to hazardous moving machinery and unprotected heights. (*Id.* at 35.)

6. Through the date last insured, the claimant was capable of performing past relevant work as a financial manager. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. (*Id.* at 39.)

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2017, the alleged onset date, through September 30, 2021, the date last insured. (*Id.*)

Claimant subsequently requested an appeal to the Appeals Council, which denied her request for review on February 2, 2023. (*Id.* at 15-20, 219-21, 344-46.) At that point, the ALJ's

decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2023); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Claimant requested and was granted an extension of time to file a civil action through August 21, 2023. (R. at 1-6.) Accordingly, Claimant timely filed this action on August 3, 2023. (DN 1.).

## II.   DISCUSSION

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 401-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a) (2023).

### A.   Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that

if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

      **B.**    **Five-Step Sequential Evaluation Process for Evaluating Disability**

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. § 404.1520 (2023). In summary, the evaluation process proceeds as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[4] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. § 404.1520(a)(4).

---

[4] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2023).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

C.   **Claimant's Contentions**

Claimant argued that the "ALJ failed to adequately account for [Claimant]'s mental limitations in the RFC." (DN 17, at PageID # 1592.) Specifically, she noted that while the ALJ found at step 2 that Claimant's depressive disorder and anxiety disorder were nonsevere, the ALJ also found that Claimant had mild limitations in some areas of mental functioning. However, she argued that the ALJ erred at later steps because he neither discussed those impairments nor included any related limitations in his formulation of her RFC. (DNs 17, 18.)

An ALJ is required to consider both severe and nonsevere impairments in assessing a claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(2) (2023). An ALJ's RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 404.1546(c) (2023). The ALJ bases his or her determination on all relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a)(1)-(4). Thus, in making his or her determination of a claimant's RFC, an ALJ must necessarily evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529 (2023).

Here, at step two, the ALJ noted that Claimant had depressive and anxiety disorder but that her "mental health symptoms were controlled with the use of [ ] prescription medication . . . and

5

she did not require continuing treatment with a mental health specialist." (R. at 33 (citing *id.* at 368-443, 583-89, 610-50, 690-97)).) Thus, the ALJ concluded that her mental health impairments "considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (*Id.*) The ALJ then assessed Claimant's mental functioning by reference to the "paragraph B" criteria and found that Claimant had no limitation in her ability to interact with others and only a mild limitation in her ability to understand, remember, or apply information; concentrate, persist, or maintain pace; and adapt or manage herself. (*Id.* at 33-34.) Then, in his formulation of Claimant's RFC, the ALJ included no limitations related to Claimant's mental impairments. (*Id.* at 35.) The ALJ specifically noted in doing so:

> In regard to the claimant's mental functioning, on February 28, 2020, Dr. Bornstein found the claimant had no more than mild mental limitations. On October 28, 2020, Dr. Brake made a similar assessment. The undersigned finds the assessments by Dr. Bornstein and Dr. Brake are persuasive because they are consistent with the claimant's limited mental health treatment and reports of the claimant's activities of daily living prior to the date last insured.

(*Id.* at 38 (citations omitted) (citing *id.* at 70-81, 83-102).)

Claimant proffered a number of district court cases that she claimed supported the notion that an ALJ's determination of mild limitations in the paragraph B criteria but failure to discuss why no mental limitations were imposed in an RFC is a reversible error. *See Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *6 (E.D. Mich. Feb. 27, 2015) ("[A]n ALJ's conclusion that an impairment is non-severe is not tantamount to a conclusion that the same impairment—either singly or in combination with a claimant's other impairments—does not impose *any* work-related restrictions."); *James v. Comm'r of Soc. Sec.*, No. 1:19 CV 570, 2020 WL 836493, at *10 (N.D. Ohio Feb. 20, 2020) ("Courts have also found, however, that an ALJ's failure to explain how a claimant's mild psychological limitations affect the RFC assessment

6

constitutes reversible error where the ALJ makes no mention of these non-severe mental impairments in the RFC analysis."); *Workman v. Berryhill*, No. CV 7:16-261-DCR, 2017 WL 3880661, at *2-4 (E.D. Ky. Sept. 5, 2017); *Fred W. v. Comm'r of Soc. Sec. Admin.*, No. 2:22-CV-2026, 2023 WL 4925301, at *2-6 (S.D. Ohio Aug. 2, 2023), *report and recommendation adopted*, No. 2:22-CV-2026, 2023 WL 6319281, at *1 (S.D. Ohio Sept. 27, 2023); *Taiwan D. v. Comm'r of Soc. Sec.*, No. 2:21-CV-990, 2022 WL 1314434, at *5-7 (S.D. Ohio May 3, 2022), *report and recommendation adopted*, No. 2:21-CV-00990, 2022 WL 1630763, at *1 (S.D. Ohio May 23, 2022).

In contrast, the Commissioner urged the Court to apply the rule articulated by the Sixth Circuit in *Emard v. Commissioner of Social Security*. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851-52 (6th Cir. 2020). In *Emard*, the Sixth Circuit found that an ALJ had complied with 20 C.F.R. § 416.945(e), which parallels 20 C.F.R. § 404.1545(e) and requires an ALJ to consider the limiting effects of all of a claimant's impairments, including any nonsevere ones, in determining a claimant's RFC. *Id.*; 20 C.F.R. § 404.1545(e). The Sixth Circuit noted that "[a]lthough the ALJ did not specifically discuss the combined effect of Emard's impairments or mention Emard's nonsevere impairments in assessing his residual functional capacity, she stated that she had carefully considered the entire record and 'all symptoms' at this step in the process" and had "specifically noted in her summary of the applicable law that she was required to comply with SSR 96-8p's mandate to 'consider all of the claimant's impairments, including impairments that are not severe.' " *Emard*, 953 F.3d at 851-52. Thus, the Sixth Circuit found no error, relying on the *Emard* ALJ's references to SSR 96-8p and discussion of Emard's nonsevere impairments at step two. *Id.* at 852.

District courts interpreting *Emard* have thus looked to three things in determining whether an ALJ properly considered all of a claimant's impairments in determining a claimant's RFC: "(1) an 'express reference to SSR 96-8p'; (2) a 'discussion of the functional limitations imposed by [a claimant's] nonsevere impairments at step two of [the ALJ's] analysis'; and (3) a 'subsequent assurance that [the ALJ] had considered the entire record and all symptoms.' " *John S. v. Comm'r of Soc. Sec.*, No. 2:22-CV-4207, 2023 WL 6141664, at *4 (S.D. Ohio Sept. 20, 2023) (quoting *Thoenen v. Comm'r of Soc. Sec.*, No. 5:21-CV-1101, 2022 WL 3577414, at *3 (N.D. Ohio Aug. 19, 2022)). "Of course, it is not enough for the ALJ to have simply 'considered' the effects of [a claimant]'s nonsevere impairments; the ALJ must have articulated her rationale well enough for this Court to understand why she found that Plaintiff's nonsevere, mental impairments did not impact her functional abilities." *Lennon v. Comm'r of Soc. Sec.*, No. 221CV12942TGBPTM, 2022 WL 19518452, at *13 (E.D. Mich. Nov. 8, 2022), *report and recommendation rejected in part on other grounds*, No. 221CV12942TGBPTM, 2023 WL 2733382, at *1f (E.D. Mich. Mar. 31, 2023); *Lennon*, 2023 WL 2733382, at *5 (rejecting portion of report and recommendation regarding claimant's colitis but affirming that ALJ's discussion of nonsevere impairments was sufficient). But, "[s]evere or non-severe, an ALJ need only include limitations arising from an impairment where the impairment affects a claimant's capacity to work." *Miller v. O'Malley*, No. 5:23-CV-209-HAI, 2024 WL 315685, at *7 (E.D. Ky. Jan. 26, 2024) (quoting *Caudill v. Comm'r of Soc. Sec.*, No. 2:16-CV-818, 2017 WL 3587217, at *6 (S.D. Ohio Aug. 21, 2017), *report and recommendation adopted*, No. 2:16-CV-818, 2017 WL 4222983 (S.D. Ohio Sept. 21, 2017)).

Applying these principles here, the Court concludes that the ALJ's discussion was sufficient to comport with 20 C.F.R. § 404.1545(e) and the requirement that an ALJ consider all of a claimant's impairments in formulating that claimant's RFC, citing 20 C.F.R. §§ 404.1520(e),

8

404.1545 and SSR 96-8p. As in *Emard*, the ALJ specifically noted in his summary of the "applicable law" that he was required to consider all of a claimant's impairments, including nonsevere impairments, in determining Claimant's RFC. (R. at 31.) Then, in his step 2 findings, while he did find that Claimant had mild limitations in some areas, he also emphasized Claimant's lack of treatment with a mental health specialist and that "claimant's mental health symptoms were controlled with the use of [ ] prescription medication." (*Id.* at 33.) Then, in his assessment of Claimant's RFC, the ALJ noted that the same was based on "careful consideration of the entire record" and that he had "considered all symptoms" in making his determination. (*Id.* at 35-36.) Then, he found persuasive the opinions of the state agency physicians because the same were "consistent with the claimant's limited mental health treatment and reports of claimant's activities of daily living prior to the date last insured." (*Id.* at 38.) Thus, this is not a case, like the ones proffered by Claimant, where the ALJ made no analysis whatsoever as to her nonsevere limitations. *See Miller*, 2024 WL 315685, at *7; *Mary E. O. v. Comm'r of Soc. Sec.*, No. 3:23-CV-00344-CRS, 2024 WL 3876477, at *10 (W.D. Ky. July 24, 2024), *report and recommendation adopted sub nom. Mary O. v. O'Malley*, No. 3:23-CV-00344-CRS, 2024 WL 3868249, at *1 (W.D. Ky. Aug. 19, 2024). All of the ALJ's discussion evidences that Claimant's mental health treatment was limited and her symptoms were controlled by medication, which constitute substantial evidence for the ALJ not to include any limitations related to Claimant's mental impairments in the RFC. *Cf. Richardson v. Saul*, 511 F. Supp. 3d 791, 799 (E.D. Ky. 2021) ("Certainly, not every mild or moderate limitation signifies a compromised work ability. The Court simply cannot discern this because the ALJ did not in any way address the matter. Meaningful review requires more."). And notably, Claimant made no attempt in her brief to cite to medical evidence demonstrating that greater limitations should have been imposed or to argue that the ALJ's conclusions regarding her

limited mental health treatment and the mitigating effects of her medications were not based upon substantial evidence. In the absence of such an argument and based on the Court's conclusions herein about the sufficiency of the ALJ's discussion, the final decision of the Commissioner will be affirmed.

## III.    ORDER

For the foregoing reasons, the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

*Colin H Lindsay, Magistrate Judge*
*United States District Court*

cc:   Counsel of Record
      September 24, 2024